UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 01-0082** |
| **HILBERT LEWIS, JR.** | **SECTION: "S" (1)** |

### ORDER AND REASON

**IT IS HEREBY ORDERED** that Hilbert Lewis, Jr.'s motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, is **DENIED**. (Document #37.)

### I. BACKGROUND

On May 18, 2001, Hilbert Lewis, Jr. pleaded guilty to two counts of distribution of more than five grams, but less than 50 grams of cocaine base, in violation 21 U.S.C. § 841(a)(1). There was no plea agreement in this case.

The probation officer prepared a presentence investigation report and calculated a total offense level of 27 and a criminal history category VI. The guideline range was 103 to 162 months in prison. Lewis filed a motion for a downward departure, and the court granted the motion. The guidelines required that three convictions, for which the defendant received concurrent sentences on October 11, 1994, be counted separately in calculating the criminal history points. As a result, the defendant received 13 criminal history points for five

independent prior narcotics convictions, each for a small quantity of drugs.  The court departed from the guidelines by assigning three criminal history points, instead of nine, for the three convictions for which the sentences were concurrent, reasoning as follows:

> Although the defendant has had five prior narcotics convictions, three were for a small quantity of drugs found in a match box.  The defendant was the only person involved in these offenses, and none of his convictions was for a violent crime.  Further, there is a significant disparity between the amount of time previously served compared to the sentencing range called for by placement in criminal history category VI.  But for the allocation of three criminal history points for each of the offenses to which the defendant pleaded guilty on October 11, 1994, the defendant would have had seven criminal history points with a criminal history category of IV and a guideline range of 100-125 months.

R. doc. #21.  On August 15, 2001, the court imposed a sentence of imprisonment of 112 months as to counts 1 and 2, to be served concurrently.

Lewis filed a timely notice of appeal to the United States Court of Appeals for the Fifth Circuit.  On October 23, 2001, Lewis filed a motion to dismiss the appeal.  Attached to the motion to dismiss was a note written by Lewis to counsel requesting that the appeal be dismissed and thanking counsel for his services.  R. doc. # 36 (attached).  The appeal was dismissed on October 24, 2001.

On June 9, 2005, Lewis filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255.  The motion is dated June 3, 2005.  Lewis alleges that 1) he was denied effective assistance of counsel because counsel advised him to reject a plea agreement, and 2) his sentence was improperly calculated because he received a seven point enhancement in his criminal history category for prior convictions.  The government argues that Lewis' § 2255 motion is barred by the one-year limitations period.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposed a one-year statute of limitations on § 2255 motions.  See United States v. Riggs, 314 F.3d 796, 798 (5th Cir. 2002).  Section 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of–
> (1) the date on which the judgment of conviction becomes final;
> . . . .

Because Lewis' conviction became final after the enactment of the AEDPA, the one-year limitations period applies to him.  Lewis' conviction became final on January 20, 2002, 90 days after his direct appeal was voluntarily dismissed on October 24, 2001, and the time for applying for *certiorari* to the United States Supreme Court had run.  See United States v. Thomas, 203 F.3d 350, 355 (5th Cir. 2000).  His June 9, 2005 § 2255 motion, filed more than three years after the judgment of conviction became final, is time-barred.  Although the one-year limitations period is not jurisdictional and is subject to equitable tolling in rare and exceptional circumstances, Lewis has not put forth any argument that the limitations period should be tolled.  See United States v. Wynn, 292 F.3d 226, 230 (5th Cir. 2002).

Accordingly, the motion to vacate, set aside, or correct sentence is denied as untimely.  Because the § 2255 motion is untimely, the court does not address Lewis' grounds for relief.

New Orleans, Louisiana, this  13th  day of December, 2005.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**